81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SCHULZ-CLEARWATER SANITATION, INC., Plaintiff-Appellant,
v.
McINNIS ENTERPRISES, dba Schulz Sanitation; David McInnis,
Defendants-Appellees.
SCHULZ-CLEARWATER SANITATION, INC., Plaintiff-Appellee,
v.
McINNIS ENTERPRISES, dba Schulz Sanitation; David McInnis,
Defendants-Appellants.
 Nos. 94-35723, 94-35814.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided April 5, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed plaintiff's complaint for lack of subject matter jurisdiction. It "found the factual basis underlying the settlement encompassed the same alleged Lanham Act violations [15 U.S.C. §§ 1051-1127 (1995) ] as are the subject of the present action and therefore plaintiff has failed to state a separate claim under the Lanham Act." It therefore dismissed that claim and, in the absence of a federal cause of action, it dismissed the state claim for breach of the settlement agreement. We reverse.
 
 
 3
 The issue before us is whether the plaintiff could sue for breach of the settlement agreement and also for Lanham Act violations following entry by the parties into the settlement agreement. In Botefur v. City of Eagle Point, 7 F.3d 152, 158 (9th Cir.1993), which involved a mutual release agreement providing for the City's release from liability for claims arising from the termination of the plaintiff's employment, we held that because "[t]he agreement did not purport to release the City from liability for unconstitutional conduct occurring after its execution.... Botefur was free to elect his remedy: he could bring an action for breach of contract, or he could pursue a remedy under § 1983." We added that "Botefur [wa]s free to pursue both remedies, though he may not be free to collect two judgments for the same injury." Id. at 158 n. 3.
 
 
 4
 We conclude here, as in Botefur, that the plaintiff could sue both for breach of the settlement agreement and for violation of the Lanham Act, even though the conduct involved in each count was the same. The settlement agreement did not purport to release the defendant from liability for Lanham Act violations occurring after its execution. The plaintiff, therefore, was free to pursue its remedies under both the settlement agreement and the Lanham Act, but would be required to make an election after the jury verdict.
 
 
 5
 Accordingly, having federal question jurisdiction over the Lanham Act claim, 28 U.S.C. § 1331; 15 U.S.C. § 1121(a), and supplemental jurisdiction over the breach of the settlement claim, 28 U.S.C. § 1367(a), the district court erred in dismissing for lack of subject matter jurisdiction. The district court's order dismissing the plaintiff's complaint is
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3